UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
NIKKI BRADLEY, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

IAS SERVICES GROUP, LLC

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

  Plaintiff NIKKI BRADLEY ("Plaintiff"), on behalf of herself and all others similarly situated, by and through their attorneys The COCHRAN FIRM-DALLAS and VALLI KANE & VAGNINI LLP, bring this action for damages and other legal and equitable relief against Defendant IAS SERVICES GROUP LLC, (collectively, "Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.* and any other cause(s) of action that can be inferred from the facts set forth herein.

## **INTRODUCTION**

  1. This is a putative collective action brought by Plaintiff challenging willful acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of the FLSA.

  2. Defendant is an insurance claims adjusting company that contracts with insurance agencies to provide them with Claims Adjusters ("Adjusters"). Defendant employed Plaintiff all those similarly situated as Adjusters for its Progressive Corp. ("Progressive") account to adjust insurance claims made to Progressive.

3. Progressive paid Defendant for its Adjusters' services. Defendant then paid the Adjusters on an hourly basis but did not pay them overtime compensation at one a half (1 ½) their hourly rate for all hours worked in excess of forty (40) hours per workweek.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and a collective of persons who are and/or were employed by Defendant as Claims Adjusters nationwide on Defendant's Progressive Corp. account during the past three (3) years through the final date of the disposition of this action who were not paid the statutorily required rate of one and a half (1½) times their regular hourly rate for all hours worked in excess of forty (40) per workweek and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) liquidated damages, (iv) interest, (v) attorneys' fees and costs, and (vi) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 29 U.S.C. §§ 201 *et seq*.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq*., in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that Defendant maintains facilities, conduct business and/or reside in this district.

## THE PARTIES

7. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA and resided in Sugar Land, Texas.

8. Defendant is a Limited Liability Corporation and has its principal place of business at 1020 NE Loop 410, Suite 805, San Antonio, Texas 78209.

9. Defendant transacted and continues to transact business in Texas and within this judicial district by employing Plaintiff and all those similarly situated as Adjusters.

10. Defendant also maintains office in Los Angeles, California, Baton Rouge, Louisiana, and Dallas, Texas.

11. Defendant has at all relevant times been an "employer" covered by the FLSA.

12. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA.

13. Upon information and belief, Defendant is engaged in interstate commerce. This independently subjects Defendant to the FLSA.

**I.   Facts Common to All Adjusters**

14. Defendant is an insurance claims adjusting entity that provides claims adjusting services throughout the United States.

15. Defendant had/has a contract with Progressive to provide claims adjusting services for its daily claims.

16. To provide the claims adjusting services for Progressive, Defendant employs Adjusters nationwide.

17. Defendant categorizes the Adjusters as W-2 employees and pays them on an hourly basis.

18. Adjusters work up to seven (7) days a week and twelve (12) or more hours per day. Thus, Adjusters work up to eighty-four (84) hours per workweek and routinely work in excess of forty (40) hours per workweek.

19. Adjusters record their hours worked via Defendant's timekeeping software called "Workday." Upon information and belief, Defendant processed its own payroll for the Adjusters.

20. Adjusters provide claims adjusting services for Progressive's daily insurance claims such as routine fire or water damage.

21. Adjusters do not adjust major disaster claims such as hurricanes.

22. Defendant only pays the Adjusters based on the hours that Progressive approves and deems "productive."

23. Progressive does not deem every hour worked by the Adjusters as "productive" and, thus, the Adjusters are not paid for every hour worked.

24. Adjusters, including Plaintiff, are not exempt from the overtime provisions of the FLSA as they were paid on an hourly basis. They were not paid on a salary or fee basis. They also were not employed to adjust major disaster claims.

25. Accordingly, although the Adjusters routinely work in excess of forty (40) hours per workweek, Progressive does not approve every hour worked. As a result, the Adjusters did not receive overtime pay of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

26. Defendant maintains a policy whereby its Adjusters are not paid for all hours worked, including overtime hours, unless approved by Progressive. Progressive, however, does not approve all hours worked by the Adjusters despite their performance of compensable work.

27. Defendant's failure to pay the Adjuster overtime for all hours worked in excess of forty (40) per workweek violates the FLSA.

**II.     Facts Pertaining to Plaintiff**

28.     On September 6, 2021, Plaintiff began her employment for Defendant as an Adjuster. Plaintiff ended her employment for Defendant on September 15, 2021.

29.     Throughout her employment for Defendant, Plaintiff worked from her home located in Sugar Land, Texas.

30.     Plaintiff was paid an hourly rate of $37.50.

31.     Plaintiff was required to undergo a training period upon the commencement of her employment with Defendant.

32.     The Adjusters' training, including Plaintiff's training, was done during their normal work hours and was mandatory.

33.     During her training, Plaintiff was trained how to Adjust claims for Progressive, which included watching training videos. Also, during her training, Plaintiff was required to perform her normal job duties of adjusting claims for Progressive.

34.     There were approximately thirty (30) other individuals in Plaintiff's "training class."

35.     For the workweek of September 5, 2021, to September 11, 2021, Plaintiff worked a total of 61.57 hours. Thus, Plaintiff worked a total of 21.57 overtime hours. Plaintiff recorded these hours worked and submitted them to Defendant.

36.     For the workweek of September 12, 2021, to September 18, 2021, Plaintiff worked a total of 15.72 hours due to her resignation. Plaintiff recorded these hours worked and submitted them to Defendant.

37. Thus, for Plaintiff's pay period of September 1, 2021, to September 18, 2021, Plaintiff worked a total of 77.28 hours by being trained and by performing claims adjusting services for Progressive.

38. Of the 77.28 hours worked by Plaintiff, 21.57 were compensable at her overtime rate of $56.25 because they were hours worked in excess of forty (40) per workweek. Defendant, however, only paid Plaintiff for 42.60 hours for this pay period as Progressive did not approve the remaining 34.68 hours worked as "productive." Plaintiff was also not paid her overtime premium of $56.25 per overtime hour for the 21.57 hours of overtime worked.

39. Plaintiff called Defendant to complain of its failure to pay her the overtime rate for her overtime hours and for all non-overtime hours worked. Plaintiff was told by Defendant that she could not get paid for them because Progressive did not approve them as "productive" despite her being trained and performing claims adjusting services during this time.

40. Accordingly, Defendant failed to pay Plaintiff her overtime rate for all hours worked in excess of forty (40) hours per workweek.

41. Defendant's violations of the FLSA are willful as it had knowledge of its requirement to pay its Adjuster overtime pay of all hours worked in excess of forty (40) per workweek. Plaintiff's complaint to Defendant of its failure to pay overtime reaffirms Defendant's knowledge and willful violations.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

42. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on their own behalf as well as those in the following collective:

> All Claims Adjusters employed by Defendant nationwide for its Progressive Corp. account during the past three (3) years through the final date of disposition of this action, who are or were required to work in excess of forty (40) hours per workweek without

        compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

43. At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Overtime Collective[1] because, while employed by Defendant, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendant's policies and practices of willfully failing to pay them at the statutorily required rate of one and a half (1½) times their regular hourly rate for all hours worked in excess of forty (40) per workweek.

44. Defendant is and has been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully choose not to.

45. The FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

46. The number of FLSA Plaintiffs in the collective is too numerous to join in a single action, necessitating collective recognition.

47. All questions relating to Defendant's violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendant's failure to pay statutorily required rate of one and a half (1½) times the FLSA Plaintiffs' hourly rate for all hours worked in excess of forty (40) per workweek are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

---

[1] Hereinafter referred to as the FLSA Plaintiffs.

48. Plaintiff will fairly and adequately represent the interests of the collective and have no interests conflicting with the collective.

49. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

50. Plaintiff's attorneys are familiar and have experience with collective action litigation, as well as employment and labor law litigation.

51. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

52. The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendant's continued violations of the FLSA will undoubtedly continue.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. §§ 201** *et seq.***, Made by Plaintiff on Behalf of All FLSA Plaintiffs**

53. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

54. Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

55. Throughout the period covered by the applicable statute of limitations, Defendant knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

56. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

57. Defendant's conduct was in violation of the Fair Labor Standards Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all FLSA Collective Plaintiffs demand judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B. Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective Counsel;

C. Equitable tolling of the FLSA statute of limitations as a result of Defendant's failure to post requisite notices under the FLSA;

D. Demand a jury trial on these issues to determine liability and damages;

E. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

F.  A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

G.  All damages which Plaintiff and all FLSA Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unpaid overtime wages and liquidated damages;

H.  An award to Plaintiff and all FLSA Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

I.  An award to Plaintiff and all FLSA Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J.  An award to Plaintiff and all FLSA Plaintiffs for the number of unpaid overtime wages, including interest thereon, liquidated damages subject to proof, and penalties;

K.  Awarding Plaintiff and all FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

L.  Pre-judgment and post-judgment interest, as provided by law; and

M.  Granting Plaintiff and all FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:  November 16, 2021
　　　　Dallas, Texas

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　*/s/ Larry Taylor*
　　　　　　　　　　　　　　　　Larry Taylor

SBOT: 24071156
Email: Ltaylor@CochranTexas.com
Nicole Taylor
SBOT: 24015130
Email: Nicole.Taylor@CochranTexas.com

**THE COCHRAN FIRM**

2646 S Loop W Unit 305
Houston, Texas 77054
Telephone: (713) 843-3476
Facsimile: (214) 651-4261

    -and

Of Counsel

James A. Vagnini (*pro hac vice* admission pending)
Email: jvagnini@vkvlawyers.com
Alexander M. White (*pro hac vice* admission pending)
Email: awhite@vkvlawyers.com

**VALLI KANE & VAGNINI LLP**

600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

**ATTORNEYS FOR PLAINTIFF**